UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| YOLANDA RENA BOVA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:17-CV-2491 DDN |
| ) | |
| P. BRADLEY, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

On September 25, 2017, petitioner Yolanda Rena Bova, an inmate at Federal Correctional Institution in Aliceville, Alabama, filed a pro se motion for "hardship credit for hard-time served." After reviewing petitioner's motion, the Court construes this action as an application for writ of habeas corpus, brought pursuant to 28 U.S.C. § 2241. The Court will dismiss this action for lack of jurisdiction. *See* Fed.R.Civ.P.12(h)(3).

### Background

On January 9, 2017, petitioner pled guilty to four counts of a five-count Indictment of theft of government funds, in violation of 18 U.S.C. §§ 2 and 641. Case No. 4:15CR543 CDP. On April 5, 2017, petitioner was sentenced to a term of imprisonment of thirty-three months' on each count of the indictment, each count to be served concurrently, with a two-year term of supervised release.[1] Petitioner's sentence was to run consecutively to any sentence imposed in Case No. 15SL-CR01408-01 (St. Louis County Court). Petitioner did not file an appeal of her conviction or sentence.

---
[1] Monetary restitution was also ordered.

## Discussion

Petitioner's current motion requests that the Court grant her two days of credit for every day that she spent in pretrial detention at the St. Louis County Justice Center. According to petitioner, she spent approximately 350 days in pretrial detention. Petitioner contends that she should be provided double credit because the conditions at the County Justice Center amounted to cruel and unusual punishment under the Eighth Amendment.

First and foremost, the Court notes that to the extent petitioner is seeking a review of the execution of her sentence, pursuant to 28 U.S.C. § 2241, she must file her petition in the district court with jurisdiction over the facility in which she is confined. 28 U.S.C. § 2241(c)(3); *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004). As such, this matter must be dismissed for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3).

Furthermore, because the Court has already sentenced petitioner, any calculation of credit for time served is within the exclusive province of the Bureau of Prisons. *See Dillon v. United States*, 560 U.S. 817, 824 (2010) ("A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances."). And, petitioner must first exhaust her administrative remedies with the BOP prior to seeking relief in any federal court.

The Court concludes that petitioner has not demonstrated a basis upon which this Court can grant the requested relief. The Court also notes that while petitioner was at St. Louis County Justice Center, she did not challenge the conditions at the facility, nor did she request double credit for the time spent in pretrial detention at the time of her sentencing on April 5, 2017.

Defendant shall direct any future requests regarding the computation of time served to the Bureau of Prisons.[2]

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 in which she seeks "hardship credit for hardtime served" is **DENIED AND DISMISSED for lack of jurisdiction.** *See* Fed.R.Civ.P.12(h)(3).

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 8th day of November, 2017.

                                               CATHERINE D. PERRY
                                               UNITED STATES DISTRICT JUDGE

---

[2] "Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions" in federal courts. *McClung v. Shearin*, 90 F. App'x 444, 445 (4th Cir.2004) (No. 03–6952) (citing *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir.2001); *Little v. Hopkins*, 638 F.2d 953, 953–54 (6th Cir.1981)). This exhaustion requirement is analogous to the exhaustion of state remedies requirement for a state prisoner seeking federal habeas review. *Carmona*, 243 F.3d at 634.